NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-381

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 132084

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The petitioner, John Doe,[1] appeals from a Superior Court judgment affirming his final classification by the Sex Offender Registry Board (SORB) as a level three sex offender.  Concluding that the hearing examiner acted within his discretion in denying the petitioner's motion for expert funds, we affirm.

1.  Standard of review.  "[A] decision of SORB 'may only be set aside if the court determines that the decision is unsupported by substantial evidence or is arbitrary or capricious, an abuse of discretion, or not in accordance with law.'"  Doe, Sex Offender Registry Bd. No. 22188 v. Sex Offender

_____

[1] A pseudonym.

Registry Bd., 101 Mass. App. Ct. 797, 801 (2022), quoting Doe, Sex Offender Registry Bd. No. 6969 v. Sex Offender Registry Bd., 99 Mass. App. Ct. 533, 537 (2021).  "We review a judge's consideration of an agency decision de novo."  Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 89 (2019).

2.  Motion for expert funds.  "[I]n moving for expert witness funds, the burden [is] on the sex offender to identify and articulate the reason or reasons, connected to a condition or circumstance special to him, that he needs to retain a particular type of expert."  Doe, Sex Offender Registry Bd. No. 89230 v. Sex Offender Registry Bd., 452 Mass. 764, 775 (2008) (Doe No. 89230).  Accord 803 Code Mass. Regs. § 1.16(4)(a) (2016).  "[T]he decision whether to grant an individual sex offender funds for an expert is a discretionary one, to be based on the facts presented in an individual case."  Doe No. 89230, supra.

Here, the petitioner requested funds for an expert because he "suffers from pedophilia and pedophilia non-exclusive and he has other medical conditions, including Eagle syndrome, unique to him that could inhibit sexual recidivism [footnote omitted]."  As the hearing officer found, however, the petitioner did not show that, at the time of the hearing, he had any condition that could affect his risk to reoffend.

2

The petitioner had been diagnosed with pedophilia when the Commonwealth unsuccessfully attempted to commit the petitioner as a sexually dangerous person.  The hearing examiner did not consider this diagnosis, instead finding that "[t]here [is] nothing to indicate that the Petitioner has a pedophilia diagnosis currently."  Because the hearing examiner did not consider the diagnosis, he acted within his discretion in denying the petitioner funds for an expert to contest the diagnosis or its significance.

As to Eagle syndrome, the petitioner attached an article explaining that "Eagle syndrome is a condition . . . typically caused by an unusually long styloid process bone."  It "causes pain in the throat and face."[2]  As the hearing examiner found, however, the petitioner showed "no connection between [his] Eagle syndrome and his risk to reoffend."  It is not intuitively obvious why this condition would reduce a sex offender's risk to offend, and the petitioner provided no persuasive explanation to the examiner.  Because the burden to establish a potential

---

[2] According to the article, Eagle syndrome may also cause "swallowing difficulties[,] a feeling that there is something stuck in the throat[,] shooting pains from the throat to the ear or jaw[,] pain at the base of the tongue[,] pain when swallowing or turning the head to one side[,] a persisting ringing or buzzing in the ears[,] a headache[, and] throbbing in the jaw." The article also reports that the treatment for the condition usually provides complete relief from the symptoms.

3

connection between an illness and risk to reoffend rests with the petitioner, the hearing examiner acted within his discretion in denying the petitioner's motion for expert funds on this record.

Judgment affirmed.

By the Court (Ditkoff,
Englander & Smyth, JJ.[3]),

Clerk

Entered:  August 13, 2024.

---

[3] The panelists are listed in order of seniority.